IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROY RUSS,**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT WITHROW, Director,**<br><br>Respondent. | Case No. 1:15-cv-01932 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)** |

Petitioner is a state detainee proceeding *pro se* with a petition for writ of habeas corpus purportedly under 28 U.S.C. § 2241.

In the petition filed on December 30, 2015, Petitioner challenges an August 26, 2008 commitment to the California Department of Mental Health under the Sexually Violent Predator Act (SVPA) by the County of Kern. (Mot. to Dismiss, Ex. 1, ECF No. 8.) Petitioner contends that application of the California's SVPA, as amended by Proposition 83, violates the constitutional proscription against ex post facto punishment. (See Pet., ECF No. 1.)

On January 15, 2016, the Court ordered Respondent to file a response to the

1

petition. (ECF No. 5.) On March 18, 2016, Respondent filed a motion to dismiss the petition. (ECF No. 8.) Respondent contends that the petition should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 rather than § 2241, and is both successive and untimely filed. (Id.) On March 24, 2016, Petitioner filed an opposition to the motion contending that it was properly filed as a petition under § 2241, and therefore is not barred as successive or untimely under 28 U.S.C. §§ 2244(b) and 2254(d), respectively.

**I.     DISCUSSION**

    A.     Should the Petition be Governed by Section 2241 or Section 2254?

The critical issue is whether the petition for writ of habeas corpus should be governed by the more general federal statute (§ 2241), or the more specific section governing petitions for relief by individuals in state custody (§ 2254). The limitations on successive petitions and petitions filed a year after a conviction are final only apply to petitions filed under § 2254. Accordingly, the resolution of this motion is dependent on determining the nature of the habeas petition filed.

The Court finds that, although the Petition ostensibly was brought pursuant to 28 U.S.C. § 2241, the law is well established that a habeas petition challenging a state civil commitment order is governed by § 2254. See Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (state court order of civil commitment satisfies § 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement"); Carmony v. Mayberg, No. CIV S-10-3381 GGH P, 2011 U.S. Dist. LEXIS 3470, 2011 WL 86662, at *2 (E.D. Cal. Jan. 10, 2011) ("Plainly, if petitioner seeks to challenge the constitutionality of a prior civil commitment pursuant to the SVP Act, he must proceed by way of a petition pursuant to 28 U.S.C. § 2254."); Padilla v. King, 2014 U.S. Dist. LEXIS 183948 (C.D. Cal. Aug. 15, 2014). The Court therefore construes the

petition as challenge to his state court custody under 28 U.S.C. § 2254. The Court will next determine whether the petition is successive or untimely.

### B.   Bar on Second or Successive Petitions

A court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this judgment. In EDCA Case No. 1:09-cv-01904-DLB (HC),

Petitioner challenged the same underlying commitment. On September 9, 2011, the petition was denied on its merits. (Mot. to Dismss, Ex. 3.) Petitioner appealed, and the appeal was denied by the Ninth Circuit Court of Appeals on September 9, 2015. (Id., Ex. 4.)

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the commitment. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

C. Untimeliness

As the Court has determined that the petition is a second or successive petition, in the interest of judicial economy, it will not undertake to review whether the petition is also untimely under the one year limitations period.

II. **ORDER AND RECOMMENDATION**

The Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: March 28, 2016      /s/ *Michael J. Seng*
                           UNITED STATES MAGISTRATE JUDGE